Louis L. Friedman, J.
Plaintiff, a former police officer of the City of New York, sues to recover for personal injuries sustained while he was a passenger in an unmarked police car. The injuries were sustained as a result of the alleged negligence of the operator of the said vehicle, a fellow police officer. The original answer to the cause of action asserted against the City of New York, which was the owner of the said vehicle involved, consisted of general denials and an affirmative defense to the effect that plaintiff could not recover under the fellow-servant rule and that plaintiff had assumed all the risks entailed in his employment.
Defendant now moves to amend its answer by including two additional affirmative defenses, one of them as a complete bar to the action and the second as a partial defense in mitigation of damages.
*866 The two defenses now sought to be asserted are practically the same. They are to the effect that on February 25, 1959, about three years after the accident had happened, plaintiff retired from his position as a policeman, filed an election to and received an annual retirement allowance as a result of the injuries sustained in the said accident, and that such election and allowance are a bar to this action. The second affirmative defense sought to be asserted is practically the same, but it is pleaded as a partial defense in mitigation of damages.
Ordinarily, it is not the function of the court on a motion of this kind to determine the sufficiency of a proposed amendment to an answer, unless on its face it appears that it is insufficient as a matter of law. However, the present proposed amendment is palpably deficient in view of the recent decision of the Court of Appeals in Healy v. Rennert (9 N Y 2d 202).
The question involved on this motion is whether it is a sufficient defense to a claim of this kind, that plaintiff has received pension benefits as a result of an agreement or a plan to which he was a party. The receipt of pension benefits, just like the receipt of voluntarily paid compensation for work not actually performed, or the receipt of medical expenses or other compensation under an insurance policy, is no defense to a claim made by a plaintiff to recover his losses by way of medical expense or wages. Defendant points out that the facts in the present case are different from those in the Healy case in that the City of New York, in setting up the plaintiff’s retirement benefits, contributed a substantial amount to the pension fund, and further points out that in the Healy case, the court stated (p. 206): u In most jurisdictions the damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him and to the procurement of which the wrongdoer did not contribute.” (Italics supplied.) Emphasizing the words “ to the procurement of which the wrongdoer did not contribute,” the city insists that its contribution to the fund takes it out of the ruling in the Healy case.
The court does not so read this decision by the Court of Appeals. Pension benefits are paid in accordance with an agreement made with an employee of the municipality and the contributions made by the municipality when the retirement date finally arrives, is merely its fulfillment of an undertaking made by the municipality when the employee commences his service as such, and joins the pension system. In effect, the contribution by the city is not a voluntary act on its part, but is instead its fulfillment of its obligations under a contract. To *867 say now, that because the city fulfilled those obligations, that it may escape from the effects of the Healy decision, would in effect be permitting the city to escape from a loss sustained by its own negligence, because it was carrying out another obligation.
The court has come to the conclusion that the proposed amendments to the answer are insufficient as a matter of law and that the amendment should not be permitted.
In any event, as a matter of discretion, the court would ordinarily not permit this amendment at this late stage. The answer was served almost three years ago, the action has been on the Trial Term Calendar for a period of 16 months, waiting for the city to assign counsel to the trial of this action. To permit an amendment at this late stage would make it necessary for the plaintiff to prepare all over again to meet this type of a defense.
Although the notice of motion seeks only to amend this answer by including the two defenses already referred to, the briefs of both plaintiff and defendant refer to, in one case the sufficiency and in the other the insufficiency, of the first affirmative defense which is already contained in the answer. The question of the sufficiency of that defense is not raised by either party on the present motion and, accordingly, it is not considered. The motion to amend is in all respects denied.